# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REBECCA G. POLLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-354-KEW |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Rebecca G. Pollard (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 37 years old at the time of the ALJ's decision. Claimant completed her education through the eighth or ninth grade. Claimant has worked in the past as a certified nurse's aide, convenience store clerk, waitress, and cashier. Claimant alleges an inability to work beginning May 20, 2014 due to limitations resulting from COPD, affective disorder, and anxiety.

**Procedural History**

On May 20, 2014, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 22, 2016, Administrative Law Judge ("ALJ") B.D. Crutchfield conducted an administrative hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On May 27, 2016, the ALJ entered an unfavorable decision. The Appeals Council denied review on August 18, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform medium work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in improperly rejecting the opinions on Claimant's mental functioning by state agency physicians.

**Evaluation of the Opinion Evidence**

In her decision, the ALJ found Claimant suffered from the severe impairments of chronic obstructive pulmonary disease ("COPD"), affective disorder, and anxiety. (Tr. 22). The ALJ determined Claimant retained the RFC to perform medium work. In so doing, she found Claimant could lift/carry 50 pounds occasionally and 25 pounds frequently; and could sit, stand, and walk for six hours in an eight hour workday. Claimant was able to push/pull with the extremities as she can lift/carry. She needed to avoid even moderate exposure to fumes, dusts, odors, and gases. Claimant was able to understand, remember, and carry out simple instructions with routine supervision. She was able to relate to supervision and a limited number of co-workers on a superficial work basis. She was able to have only occasional contact with the public and was able to adapt to a work environment. (Tr. 26).

After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of small product assembler and bench assembler, both of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 31). As a result, the ALJ concluded that Claimant was not under a disability since May 20, 2014, the amended alleged onset date of disability. Id.

Claimant contends the ALJ erroneously rejected the opinions of the state agency doctors who reviewed her medical record concerning mental functioning. On December 6, 2014, Dr. Stephen Scott reviewed Claimant's records for a mental RFC assessment. He found Claimant had understanding and memory limitations, was markedly limited in the ability to understand and remember detailed instructions, had sustained concentration and persistence limitations, was markedly limited in the ability to carry out detailed instructions, was moderately limited in the ability to maintain attention and concentration for extended periods, had social interaction limitations, and was moderately limited in the ability to interact appropriately with the general public. (Tr. 75-76).

As an additional explanation for the RFC, Dr. Scott stated Claimant could understand, remember, and carry out simple instructions with routine supervision; Claimant can relate to supervision and a limited number of co-workers on a superficial work basis; Claimant has moderate limitations in relating to the general public; and Claimant can adapt to a work environment. (Tr. 77).

Dr. Joy Kelley also provided a reviewing opinion on Claimant, completing a mental RFC assessment dated February 23, 2015. She concluded that Claimant had understanding and memory limitations; was markedly limited in the ability to understand and remember detailed instructions; had sustained concentration and persistence

limitations; was markedly limited in the ability to carry out detailed instructions; was moderately limited in the ability to maintain attention and concentration for extended periods; had social interaction limitations; and was moderately limited in the ability to interact appropriately with the general public. (Tr. 90-92).

Dr. Kelley provided further explanation for the RFC and stated Claimant could understand, remember, and carry out simple instructions with routine supervision; Claimant could relate to supervision and a limited number of co-workers on a superficial work basis; Claimant had moderate limitations in relating to the general public; and Claimant could adapt to a work environment. (Tr. 92).

In her decision, the ALJ gave these opinions "great weight". The basis for this evaluation was (1) they had reviewed the medical records and consultative examinations; (2) they had considered Dr. Robert Spray's medical opinion in limiting Claimant to simple instructions; and (3) their opinions were consistent with and supported by the medical evidence in the case. For these reasons, the ALJ reiterated that she gave the opinions "great weight" and incorporated them into the RFC assessment. She clarified that she defined moderate limitations in relating to the general public as occasional contact in the RFC. (Tr. 29).

Claimant's argument, at first blush, would appear to involve

7

splitting hairs between the ALJ limiting Claimant to "understand, remember, and carry out simple instructions with routine supervision" and specifically directing that she cannot understand, remember, and carry out detailed instructions, as the reviewers noted. These two directives appear to be two sides of the same coin. Upon delving further into the argument, the distinction is more important than might be realized.

"Markedly limited" is defined under the Social Security Program Operations Manual System ("POMS") as supporting "the conclusion that the individual cannot usefully perform or sustain the activity." SSA POMS DI 24510.063. Claimant cannot, therefore, perform or sustain any activity involving understanding, remembering, and carrying out detailed instructions, according to Dr. Scott and Dr. Kelley whose opinions were given "great weight" by the ALJ. The ALJ did not provide an explanation for adopting some portions of the reviewer's opinions but implicitly rejecting others - especially involving opinions which were expressly given "great weight." The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration

to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). In this instance, the ALJ did not adopt the precise limitation found by the reviewing medical professionals.

The omission was not harmless to Claimant's case. In posing hypothetical questions to the vocational expert, the ALJ stated Claimant was "able to understand, remember, and carry out simple instructions with routine supervision" but did not reference detailed instructions. (Tr. 59). In response, the vocational expert identified automatic machine attendant, DOT #649.685-014, press machine operator, DOT #584.665-014, and assembler of small parts, DOT #706.684-022. (Tr. 59-60). Ultimately, the ALJ adopted the assembler of small parts and bench assembler as the representative jobs Claimant could perform in the decision - although this Court does not see in the record that the vocational expert identified the latter job as available to Claimant. (Tr. 31).

A review of the *Dictionary of Occupational Titles* reveals that both of the jobs identified by the ALJ include a reasoning level of

9

2[2], which requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." This exceeds the RFC limitation which would necessarily entail simple instructions and not detailed instructions which are required for all of these representative jobs. *See*, McKinnon v. Astrue, 2010 WL 3190621, at 5 (D.Colo.); Allen v. Barnhart, 2003 WL 22159050, at 10 (N.D. Cal.). The responsibility to investigate any discrepancies between the vocational expert's testimony and the *DOT* lies squarely with the ALJ. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999). In essence, the vocational expert and, in turn, the ALJ identified representative jobs which Claimant could not perform if the precise limitation provided by the reviewing doctors had been incorporated in the RFC. On remand, the ALJ shall re-evaluate the RFC in light of the opinion evidence and make the required modifications in order to align the opinions with the limitations she finds.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth

---

[2] The GED reasoning levels are associated with the level of simplicity associated with a particular job. Cooper v. Barnhart, 2004 WL 2381515, at 4 (N.D. Okla.).

sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 19th day of March, 2019.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE